Form 240A - Reaffirmation Agreement (04/10)

B27 (Official Form27) (12/13)

989282

**Local Bankruptcy Form 4008.1**

# United States Bankruptcy Court
Southern District of Indiana

In re   Michael A Mortz
        Lori N. Mortz
        Debtor

Case No.   14-08774-RLM-7

Chapter   7

## REAFFIRMATION AGREEMENT COVER SHEET

This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008. It may be filed by any party to the reaffirmation agreement.

1. Creditor's Name: BMO Harris Bank NA

2. Amount of the debt subject to this reaffirmation agreement:
   $ 35,531.45  on the date of bankruptcy    $ 35,531.45  to be paid under reaffirmation agreement

3. Annual percentage rate of interest:  2.875 % prior to bankruptcy
   4.992% under reaffirmation agreement ( ___ Fixed Rate  X  Adjustable Rate)

4. Repayment terms (if fixed rate): $ 0.00 per month for 0 months

5. Collateral, if any, securing debt: Current market value:  $41,000.00
   Description:  5212 Council Ring Blvd, Kokomo, IN 46902
   VIN / ID #:    N/A

6. Does the creditor assert that the debt is nondischargeable? ___ Yes  X  No
   (If yes, attach a declaration setting forth the nature of the debt and basis for the contention that the debt is nondischargeable.)

Debtor's Schedule I and J Entries

7A. Total monthly income from     $ 1,000.00
    Schedule I, line 12
8A. Total monthly expenses        $ 1,385.00
    from Schedule J, line 22
9A. Total monthly payments on     $ –0–
    reaffirmed debts not listed on Schedule J

Debtor's Income and Expenses
as Stated on Reaffirmation Agreement

7B. Monthly income from all       $ 1,000.00
    sources after payroll deductions
8B. Monthly expenses              $ 950.00
9B. Total monthly payments on     $ –0–
    reaffirmed debts not included in monthly
    expenses                      $ 0.00
10B. Net monthly income           $ 50.00
    (Subtract sum of lines 8B and 9B from line 7B. If total is less than zero, put the number in brackets.)

File #989282

1

Form B240A - Reaffirmation Agreement (Cont.)
B27 (Official Form27) (12/13) (Cont.)

11. Explain with specificity any difference between the income amounts (7A and 7B):

No difference

12. Explain with specificity any difference between the expense amounts (8A and 8B):
$435.00 of monthly expenses prior to bankruptcy was included in filing and will be discharged.

If line 11 or 12 is completed, the undersigned debtor, and joint debtor if applicable, certifies that any explanation contained on those lines is true and correct.

X _____     _____
Signature of Debtor (only required if line 11 or 12   Signature of Joint Debtor (if applicable, and only
is completed)                                          required if line 11 or 12 is completed)

**Other Information**

☐ Check this box if the total on Line 10B is less than zero. If that number is less than zero, a presumption of undue hardship arises (unless the creditor is a credit union) and you must explain with specificity the sources of funds available to the Debtor to make the monthly payments on the reaffirmed debt: _____

Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?
  X  Yes          ___ No

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?
  X  Yes          ___ No

**FILER'S CERTIFICATION**

I hereby certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this Cover Sheet for Reaffirmation Agreement.

_____
                                              Signature

Marion Coroner- AFGBK Senior
                                              Print/Type Name & Signer's Relation to Case

File #989282

2

Form B240A - Reaffirmation Agreement (Cont.)

> [ ] **Presumption of Undue Hardship**
> [X] **No Presumption of Undue Hardship**
> *See Debtor's Statement in Support of Reaffirmation, Part II below, to determine which box to check.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In re   Michael A. Mortz                     Case No.   14-08774-RLM-7
        Lori N. Mortz
                    *Debtor*                 Chapter    7

## REAFFIRMATION DOCUMENTS

**Name of Creditor:** BMO Harris Bank NA

[ ] Check this box if Creditor is a Credit Union

## PART I.   REAFFIRMATION AGREEMENT

**Reaffirming a debt is a serious financial decision. Before entering into this Reaffirmation Agreement, you must review the important disclosures, instructions, and definitions found in Part V of this form.**

A. Brief description of the original agreement being reaffirmed: Real Estate

B. **_AMOUNT REAFFIRMED_**:    $35,531.45

   The Amount Reaffirmed is the entire amount that you are agreeing to pay. This may include unpaid principal, interest, and fees and costs (if any) arising on or before October 17, 2014, which is the date of the Disclosure Statement portion of this form (Part V).

   *See the definition of "Amount Reaffirmed" in Part V, Section C below.*

C. The **_ANNUAL PERCENTAGE RATE_** applicable to the Amount Reaffirmed is 4.992%.

   *See definition of "Annual Percentage Rate" in Part V, Section C below.*

   This is a *(check one)* [ ] Fixed rate     [X] Variable rate

Form B240A - Reaffirmation Agreement (Cont.)

If the loan has a variable rate, the future interest rate may increase or decrease from the Annual Percentage Rate disclosed here.

    D. Reaffirmation Agreement Repayment Terms *(check and complete one)*:

        [ ] $0.00 per month for 0 months starting on October 1, 2014.

        [X] Describe repayment terms, including whether future payment amount(s) may be different from the initial payment amount: Your first payment in the amount of $243.44 is due on October 1, 2014, but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable.

    E. Describe the collateral, if any, securing the debt:

| Item or Type of Item | Current Market Value |
| --- | --- |
| 5212 Council Ring Blvd, Kokomo, IN 46902 | $41,000.00 |

    F. Did the debt that is being reaffirming arise from the purchase of the collateral described above?

        [X] Yes. What was the purchase price for the collateral? $45,000.00

        [ ] No.   What was the amount of the original loan? $_____

    G. Specify the changes made by this Reaffirmation Agreement to the most recent credit terms on the reaffirmed debt and any related agreement:

**Unless otherwise changed in this reaffirmation agreement, I (we) reaffirm all other terms and conditions of the credit agreement. Any changes to the credit agreement contained in this reaffirmation agreement will not be effective if this reaffirmation agreement is rescinded or disapproved by the court.**

The terms stated herein are contingent upon the execution and filing of the reaffirmation agreement prior to the discharge or, if applicable, approval of the reaffirmation agreement by the court. Any loan extensions, modifications, late payments, payments to principal or other accruals of interest may alter the contractual paid in full date or final payment amount otherwise set forth in this reaffirmation agreement or the reaffirmation agreement cover sheet.

TO BE EFFECTIVE, ANY NOTICE OF RECISSION OF THIS REAFFIRMATION AGREEMENT MUST BE MAILED TO THE FOLLOWING ADDRESS:

Ascension Capital Group
PO Box 201347
Arlington, TX 76006

N/A

|  | Terms as of the Date of Bankruptcy | Terms After Reaffirmation |
| --- | --- | --- |
| Balance due *(including fees and costs)* | $ 35,531.45 | $ 35,531.45 |
| Annual Percentage Rate | 2.875 % | 4.992 % |
| Monthly Payment | $ 192.31 | $ 0.00 |

    H. [ ] Check this box if the creditor is agreeing to provide you with additional future credit in connection with this Reaffirmation Agreement. Describe the credit limit, the Annual Percentage Rate that applies to future credit and any other terms on future purchases and advances using such credit:

## PART II.   DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

Form B240A - Reaffirmation Agreement (Cont.)

A. Were you represented by an attorney during the course of negotiating this agreement?

    Check one. [X] Yes     [ ] No

B. Is the creditor a credit union?

    Check one. [ ] Yes     [X] No

C. If your answer to EITHER question A. or B. above is "No" complete 1. and 2. below.

    1.    Your present monthly income and expenses are:

        a. Monthly income from all sources after payroll deductions (take-home pay plus any other income)    $1,000.00

        b. Monthly expenses (including all reaffirmed debts except this one)    $757.69

        c. Amount available to pay this reaffirmed debt (subtract b. from a.)    $242.31

        d. Amount of monthly payment required for this reaffirmed debt    $192.31

*If the monthly payment on this reaffirmed debt (line d.) **is greater than** the amount you have available to pay this reaffirmed debt (line c.), you must check the box at the top of page one that says "Presumption of Undue Hardship." Otherwise, you must check the box at the top of page one that says "No Presumption of Undue Hardship."*

    2.    You believe this reaffirmation agreement will not impose an undue hardship on you or your dependents because:

    Check one of the two statements below, if applicable:

    [X] You can afford to make the payments on the reaffirmed debt because your monthly income is greater than your monthly expenses even after you include in your expenses the monthly payments on all debts you are reaffirming, including this one.

    [ ] You can afford to make the payments on the reaffirmed debt even though your monthly income is less than your monthly expenses after you include in your expenses the monthly payments on all debts you are reaffirming, including this one, because:

    Use an additional page if needed for a full explanation.

D. If your answers to BOTH questions A. and B. above were "Yes", check the following statement, if applicable:

    [ ] You believe this reaffirmation agreement is in your financial interest and you can afford to make the payments on the reaffirmed debt.

*Also, check the box at the top of page one that says "No Presumption of Undue Hardship."*

File #989282

5

Form B240A - Reaffirmation Agreement (Cont.)

## PART III.   CERTIFICATION BY DEBTOR(S) AND SIGNATURES OF PARTIES

I hereby certify that:

(1) I (We) agree to reaffirm the debt described above.

(2) Before signing this reaffirmation agreement, I (we) read the terms disclosed in this Reaffirmation Agreement (Part I) and the Disclosure Statement, Instructions and Definitions included in Part V below;

(3) The Debtor's Statement in Support of Reaffirmation Agreement (Part II above) is true and complete;

(4) I am (We are) entering into this agreement voluntarily and am fully informed of my rights and responsibilities; and

(5) I (We) have received a copy of this completed and signed Reaffirmation Documents form.

SIGNATURE(S) (If this a joint reaffirmation agreement, both debtors must sign.)

Date: 11/7/2014    Signature: X _Michael A. Mortz_ - Debtor

Date: 11/7/2014    Signature: X _Lori N. Mortz_ - Joint Debtor, if any

**Reaffirmation Agreement Terms Accepted by Creditor:**

Creditor   BMO Harris Bank NA                        PO Box 201347
           _Print Name_                              Arlington, TX 76006
                                                     _Address_

Ascension Capital Group, Inc.              Stephanie Rios, Bankruptcy Specialist
Bankruptcy Servicer for BMO Harris Bank    Scott Beauchamp, Paralegal
NA                                         Marian Garza, Paralegal
_Print Name of Representative_             _Signature_                11/14/14
                                                                      _Date_

## PART IV.   CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY)

*To be filed only if the attorney represented the debtor during the course of negotiating this agreement.*

I hereby certify that: (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

[ ] A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

*Check box, if the presumption of undue hardship box is checked on page 1 and the creditor is not a Credit Union.*

Date 11/7/2014  Signature of Debtor's Attorney: _William P. Huff_

                Print Name of Debtor's Attorney:   William P Huff

File #989282

6

Form B240A - Reaffirmation Agreement (Cont.)

## PART V.   DISCLOSURE STATEMENT AND INSTRUCTIONS TO DEBTOR(S)

**Before agreeing to reaffirm a debt, review the terms disclosed in the Reaffirmation Agreement (Part I) and these additional important disclosures and instructions.**

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps, which are detailed in the Instructions provided in Part V, Section B below, are not completed, the Reaffirmation Agreement is not effective, even though you have signed it.

### A.   DISCLOSURE STATEMENT

**What are your obligations if you reaffirm a debt?** A reaffirmed debt remains your personal legal obligation. Your reaffirmed debt is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Your obligations will be determined by the Reaffirmation Agreement, which may have changed the terms of the original agreement. If you are reaffirming an open end credit agreement, that agreement or applicable law may permit the creditor to change the terms of that agreement in the future under certain conditions.

**Are you required to enter into a reaffirmation agreement by any law?** No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments that you agree to make.

**What if your creditor has a security interest or lien?** Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage, or security deed. The property subject to a lien is often referred to as collateral. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the property securing the lien if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you must make a single payment to the creditor equal to the amount of the allowed secured claim, as agreed by the parties or determined by the court.

**How soon do you need to enter into and file a reaffirmation agreement?** If you decide to enter into a reaffirmation agreement, you must do so before you receive your discharge. After you have entered into a reaffirmation agreement and all parts of this form that require a signature have been signed, either you or the creditor should file it as soon as possible. The signed agreement must be filed with the court no later than 60 days after the first date set for the meeting of creditors, so that the court will have time to schedule a hearing to approve the agreement if approval is required. However, the court may extend the time for filing, even after the 60-day period has ended.

**Can you cancel the agreement?** You may rescind (cancel) your Reaffirmation Agreement at any time before the bankruptcy court enters your discharge, or during the 60-day period that begins on the date your Reaffirmation Agreement is filed with the court, whichever occurs later. To rescind (cancel) your Reaffirmation Agreement, you must notify the creditor that your Reaffirmation Agreement is rescinded (or canceled). Remember that you can rescind the agreement, even if the court approves it, as long as you rescind within the time allowed.

**When will this reaffirmation agreement be effective?**

**If you *were* represented by an attorney during the negotiation of your Reaffirmation Agreement and**

    i.  **if the creditor is not a Credit Union**, your Reaffirmation Agreement becomes effective when it is filed with the court unless the reaffirmation is presumed to be an undue hardship. If the Reaffirmation Agreement is presumed to be an undue hardship, the court must review it and may set a hearing to detemine whether you have rebutted the presumption of undue hardship.

    ii. **if the creditor is a Credit Union**, your Reaffirmation Agreement becomes effective when it is filed with the court.

b. **If you *were not* represented by an attorney during the negotiation of your Reaffirmation

File #989282

7

Form B240A - Reaffirmation Agreement (Cont.)

**Agreement**, the Reaffirmation Agreement will not be effective unless the court approves it. To have the court approve your agreement, you must file a motion. See Instruction 5, below. The court will notify you and the creditor of the hearing on your Reaffirmation Agreement. You must attend this hearing, at which time the judge will review your Reaffirmation Agreement. If the judge decides that the Reaffirmation Agreement is in your best interest, the agreement will be approved and will become effective. However, if your Reaffirmation Agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home, you do not need to file a motion or get court approval of your Reaffirmation Agreement.

7. **What if you have questions about what a creditor can do?** If you have questions about reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement. If you do not have an attorney helping you, you may ask the judge to explain the effect of this agreement to you at the hearing to approve the Reaffirmation Agreement. When this disclosure refers to what a creditor "may" do, it is not giving any creditor permission to do anything. The word "may" is used to tell you what might occur if the law permits the creditor to take the action.

### B. INSTRUCTIONS

1. Review these Disclosures and carefully consider the decision to reaffirm. If you want to reaffirm, review and complete the information contained in the Reaffirmation Agreement (Part I above). If your case is a joint case, both spouses must sign the agreement if both are reaffirming the debt.

2. Complete the Debtor's Statement in Support of Reaffirmation Agreement (Part II above). Be sure that you can afford to make the payments that you are agreeing to make and that you have received a copy of the Disclosure Statement and a completed and signed Reaffirmation Agreement.

3. If you were represented by an attorney during the negotiation of your Reaffirmation Agreement, your attorney must sign and date the Certification By Debtor's Attorney section (Part IV above).

4. You or your creditor must file with the court the original of this Reaffirmation Documents packet and a completed Reaffirmation Agreement Cover Sheet (Official Bankruptcy Form 27).

5. *If you are not represented by an attorney, you must also complete and file with the court a separate document entitled "Motion for Court Approval of Reaffirmation Agreement" unless your Reaffirmation Agreement is for a consumer debt secured by a lien on your real property, such as your home.* Complete section VI (Form B240B) to do this.

### C. DEFINITIONS

1. **"Amount Reaffirmed"** means the total amount of debt that you are agreeing to pay (reaffirm) by entering into this agreement. The amount of debt includes any unpaid fees and costs that you are agreeing to pay that arose on or before the date of disclosure, which is the date specified in the Reaffirmation Agreement (Part I, Section B above). Your credit agreement may obligate you to pay additional amounts that arise after the date of this disclosure. You should consult your credit agreement to determine whether you are obligated to pay additional amounts that may arise after the date of this disclosure.

2. **"Annual Percentage Rate"** means the interest rate on a loan expressed under the rules required by federal law. The annual percentage Rate (as opposed to the "stated interest rate") tells you the full cost of your credit including many of the creditor's fees and charges. You will find the annual percentage rate for your original agreement on the disclosure statement that was given to you when the loan papers were signed or on the monthly statements sent to you for an open end credit account such as a credit card.

3. **"Credit Union"** means a financial institution as defined in 12 U.S.C. § 461(b)(1)(A)(iv). It is owned and controlled by and provides financial services to its members and typically uses words like "Credit Union" or initials like "C.U." or "F.C.U." in its name.